37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis Z. GAI, Plaintiff-Appellant,
v.
CITY OF SELMA; Robert Kenyon, individually and as a member
of the City Council of the City of Selma; John Mechigian,
individually and as a member of the City Council of Selma;
Calvin Nishinaka, individually and as a member of the
personnel Commission of the City of Selma; Larry
Fitzpatrick, individually and as a member of the personnel
Commission of the City of Selma; David Helm, individually
and as a member of the personnel Commission of the City of
Selma; Selma City Council; Personnel Commission of the
City of Selma, Defendants-Appellees.
 No. 93-15280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1994.
Decided Sept. 19, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Gai brought this action in California state court, alleging wrongful termination and denial of due process in the termination procedures, in violation of both state law and 42 U.S.C. Sec. 1983. After removal, the district court granted summary judgment for the defendants on the Sec. 1983 claim and remanded Gai's pendent state law claims to state court. Gai appeals and we affirm.
 
 
 3
 We agree with the district court that the individual defendants who were members of the Commission and City Council were acting in quasi-judicial capacities in their reviews of the decision to terminate Gai's employment. As such, these defendants are entitled to absolute immunity from suit for damages under Sec. 1983. See, e.g., Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir.1983). In addition, Gai has failed to establish any official "policy or custom" which caused the constitutional violations he alleges, such that municipal liability would attach. See, e.g., Gillette v. Delmore, 979 F.2d 1342, 1348-50 (9th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 345 (1993).
 
 
 4
 Gai has not in any event raised any triable claims under Sec. 1983. The allegations of bias, conflict of interest, ex parte communications, improper procedures, and failure to investigate Gai's claims all sound in procedural due process. See, e.g., Lake Nacimiento Ranch v. San Luis Obispo County, 841 F.2d 872, 878-79 (9th Cir.1987), cert. denied, 488 U.S. 827 (1988). It is clear from the record that Gai was afforded ample pre- and post-termination opportunity to respond to and appeal the charges against him, with the assistance of counsel, and that the City Council considered and rejected Gai's allegations of irregularities at the Commission hearing. His right to procedural due process therefore was not violated. See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-46 (1985).
 
 
 5
 Gai's claim that the Commission was "stacked" against him does not establish a violation of substantive due process, since the alleged acts were not " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.' " Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990) (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)). Gai's failure to train argument similarly fails to state a valid substantive due process claim. Canton v. Harris, 489 U.S. 378 (1989).
 
 
 6
 The district court's grant of summary judgment in favor of the defendants is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3